IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,592-01






EX PARTE FREDERICK EARL WASHINGTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 9560-A IN THE 21st JUDICIAL DISTRICT COURT

BASTROP COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of robbery, and punishment was assessed at thirty-two years confinement. 
Applicant's conviction was affirmed on appeal as to the finding of guilt, and reversed and
remanded for reassessment of punishment. Washington v. State No. 03-01-00003-CR (Tex.
App. --Austin, delivered September 20, 2001, no pet.).

 Applicant contends that he was sentenced outside of the authorized punishment range. 
Specifically, the Applicant contends, and the record reflects, that the intermediate appellate
court remanded this cause to the trial court for "reassessment of punishment within the range
prescribed for a second-degree felony", and he was then sentenced outside of that range.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was improperly sentenced outside of the authorized punishment
range, or whether any such error was knowingly, and voluntarily waived by the Applicant. 
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 10th DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.